UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Karen Nowak,<br><br>   Plaintiff,<br>v.<br><br>Consumer Recovery Associates, LLC,<br><br>   Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

   For this Complaint, the Plaintiff, Karen Nowak, by undersigned counsel, states as follows:

## JURISDICTION

   1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

   2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

   3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

   4. The Plaintiff, Karen Nowak ("Plaintiff"), is an adult individual residing in Fort Worth, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Consumer Recovery Associates, LLC ("CRA"), is a Virginia business entity with an address of Parkway 4, Suite 270, 2697 International Parkway, Virginia Beach, VA 23452-0000, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. A financial obligation (the "Debt") was incurred to a creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to CRA for collection, or CRA was employed by the Creditor to collect the Debt.

9. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CRA Engages in Harassment and Abusive Tactics

10. Defendant repeatedly called Plaintiff's residential phone line concerning another person's debt. Defendant are seeking "Kinyata Booker", who Plaintiff does not know.

11. Defendant placed automated calls with pre-recorded voice messages on Plaintiff's residential phone line in an attempt to collect the Debt.

12. Plaintiff called Defendant and left several voice messages informing Defendant that she was not the debtor and requesting that Defendant cease calls.

13. Nevertheless, Defendant continued to call Plaintiff.

C.   **Plaintiff Suffered Actual Damages**

14.   The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15.   As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.   The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

18.   The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

19.   The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

20.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.   The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

22.   The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

23. The Defendants caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

24. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

8. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 5, 2011

Respectfully submitted,

By: /s/ Diana Larson
Diana P. Larson
Texas Bar No. 24007799
Erik V. Larson
Texas Bar No. 00791076
The Larson Law Office, PLLC
14785 Preston Road, Suite 550
Dallas, Texas 75154
Telephone: (877) 775-3666 x.5504
Facsimile: (888) 953-6237
Email: diana@thelarsonlawoffice.com
Email: erik@thelarsonlawoffice.com

5

<u>Of Counsel To:</u>
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237
ATTORNEYS FOR PLAINTIFF